UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**FERGUSON ENTERPRISES, LLC,**

 Plaintiff,

v.          Civil Action No. 2:20-cv-00439

**WOLFE CONSTRUCTION COMPANY, INC.;
and JOSH WOLFE,**

 Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Ferguson Enterprises, LLC's ("Ferguson") motion for summary judgment, filed April 26, 2021. ECF No. 13.

### I. Background

On January 29, 2019, defendant Wolfe Construction Company, Inc. ("Wolfe Construction") executed a credit application with Ferguson, which provided that: "This Agreement along with the terms and conditions located at https/www.ferguson.com/content/website-info/terms-of-sale on [Ferguson's] quotation, invoice or delivery ticket which are incorporated by reference . . . represent the entire agreement between the parties and apply to all transactions." ECF No. 13-2, at 4.

In the credit application, Wolfe Construction agreed to "pay for material and services ('Products') Net 10th proximo, unless on invoice otherwise . . . ." Id. Further, the credit application provided that if Wolfe failed to make any payment when due, its "entire account(s) with [Ferguson] shall become immediately due and payable and [Ferguson] may suspend further performance under any order with [Wolfe Construction]." Id. In addition, the credit application stated that "[a]ll past due amounts are subject to a service charge of 1.5% per month or up to the maximum rate permitted by law. If [Wolfe Construction] is in default for non-payment, then in addition to other remedies, [Wolfe Construction] agrees to reimburse [Ferguson] all costs of collections including reasonable attorneys' fees." Id.

Defendant Josh Wolfe, president of Wolfe Construction, signed the credit application on Wolfe Construction's behalf. Id. Josh Wolfe also signed the credit application as a personal guarantor, agreeing that "[a]s consideration for [Ferguson] extending credit to [Wolfe Construction], [Josh Wolfe], jointly and severally hereby personally guarantee[s] the payment of any obligation of [Wolfe Construction] to [Ferguson]." Id. In doing so, Josh Wolfe acknowledged that he "agrees to pay [Ferguson] on demand, without offset, any sum due to [Ferguson]

by [Wolfe Construction]" and that he "further agrees to pay all costs of collection including reasonable attorney's fees." Id.

According to the affidavit of "M. Spisak," Ferguson's Regional Credit Manager, Ferguson "agreed to provide materials and supplies to Wolfe Construction for use in the improvement of certain real property" under the Agreement and did, in fact, "provide[] all required materials and perform[] all requested services in a good and workmanlike manner." ECF No. 13-1, at ¶¶ 3-4. Spisak affirms that "Wolfe Construction was appropriately invoiced" and that the outstanding balances on such invoices total $76,367.12. Id. at ¶¶ 5-6.

Ferguson has produced a statement pertaining to Wolfe Construction's account, which documents invoices spanning from June 24, 2019, through April 30, 2020. ECF No. 13-3. This statement reflects that the outstanding balance on the invoices is $76,367.12. See id.

In their answer to the complaint, the defendants admit the following: Wolfe Construction entered into the credit application; the credit application "along with the terms and conditions on Ferguson's quotation, invoices, and delivery tickets" constituted the entire agreement between the parties; "Ferguson agreed to provide materials and supplied to Wolfe Construction for use in the improvement of certain real

property" pursuant to the agreement; "Ferguson provided all required materials and performed all requested services in a good and workmanlike manner" pursuant to the agreement, "Wolfe Construction was appropriately invoiced for these materials and services"; "Wolfe Construction promised to pay Ferguson a service charge on the unpaid balance of any invoice not paid in full by its due date at the rate of 1.5% per month or up to the maximum permitted by law" pursuant to the agreement; "Wolfe Construction further promised to reimburse Ferguson all costs of collections, including reasonable attorney's fees"; Josh Wolfe personally guaranteed the payment of Wolfe Construction's obligations, including costs of collection and attorneys' fees; and "Ferguson has made demand on Wolfe Construction and Wolfe for payment in full, but has not received any payment or response to its demand." <u>See</u> ECF No. 7, at ¶ 2 (admitting certain allegations in the complaint, ECF No. 1, at ¶¶ 6-9, 11-14).

Ferguson filed this action on June 26, 2020, alleging one count of breach of contract against Wolfe Construction and Josh Wolfe and one count of unjust enrichment against the defendants. ECF No. 1, at ¶¶ 15-23. In its complaint, Ferguson "requests that the Court grant Ferguson judgment in its favor against Wolfe Construction and Wolfe, jointly and severally, in

4

the amount of . . . $76,367.12 . . . plus pre- and post-judgment interest at the legal rate, costs incurred in bringing this action, including reasonable attorney's fees, and such other relief as this Court deems fair and equitable." Id. at 4.

On April 26, 2021, Ferguson filed a motion for summary judgment arguing that the defendants are jointly and severally liable for breach of contract inasmuch as:

> Ferguson provided Wolfe Construction with materials and supplies in reliance on a contract. Wolfe Construction received the materials and supplies, and presumably, installed those products into one of its construction projects. Yet, Wolfe Construction has failed to pay Ferguson for the delivered product. Additionally, Wolfe, who guaranteed payment for the delivered product, has also failed to pay Ferguson as required by the Personal Guaranty. Defendants admit as much.

ECF No. 14, at 4. Ferguson requests judgment in the amount of $76,367.12, the balance on the invoices, "plus interest and costs incurred in bringing this action, including reasonable attorney's fees." Id. The defendants have not responded to the motion for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). "Material" facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). A "genuine" dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-moving party. Anderson, 477 U.S. at 248.

"The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact." Sedar v. Reston Town Ctr. Prop., LLC, 988 F.3d 756, 761 (4th Cir. 2021) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the movant has made this threshold demonstration, the nonmoving party, to survive the motion for summary judgment, must demonstrate specific, material facts that give rise to a genuine issue." Id. (citing Celotex Corp., 477 U.S. at 323). "Under this standard, 'the mere existence of a scintilla of evidence' in favor of the non-movant's position is insufficient to withstand the summary judgment motion." Id. (quoting Anderson, 477 U.S. at 252).

Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). A party is entitled to summary judgment if the record, as a whole, could not lead a rational trier of fact to find for the non-moving party. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248.

### III. Analysis

In West Virginia, "[a] claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages." Sneburger v. Morrison, 776 S.E.2d 156, 172 (W. Va. 2015) (citing Syl. Pt. 1, State ex rel. Thornhill Group, Inc. v. King, 759 S.E.2d 795 (2014); Wetzel County Savings & Loan Co. v. Stern Bros., Inc., 195 S.E.2d 732, 736 (1973)).

Here, Ferguson has produced evidence of contract formation with the terms described in the credit application. The defendants have admitted to the existence of the agreement governed by such terms.

Under the terms of the agreement, Wolfe Construction was obligated to "pay for material and services ('Products') Net 10th proximo, unless on invoice otherwise." ECF No. 13-2, at 4. Ferguson has produced evidence in the form of Spisak's affidavit that materials and services were provided to Wolfe Construction under the agreement, and the defendants have admitted as much. Further, Spisak's affidavit and the account statement document that invoices from June 24, 2019, through April 30, 2020 have an outstanding balance of $76,367.12. Inasmuch as such balance remains unpaid despite the obligation of Wolfe Construction and Josh Wolfe to make such payments, summary judgment is appropriate against Wolfe Construction and Josh Wolfe on the issue of liability.

As for damages, it is clear that the plaintiff is entitled to $76,367.12 plus pre and post-judgment interest, together with the costs of bringing this action and reasonable attorneys' fees. Pre-judgment interest is awardable in breach of contract cases under West Virginia law, see W. Va. Code § 56-6-27, and will be awarded at the rate of 1.5% per month as provided for in the credit application. Post-judgment interest, which is governed by federal law, is calculated at "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve

System, for the calendar week preceding." 28 U.S.C. § 1961. Such rate will accordingly be determined upon the entry of judgment.

However, Ferguson has provided no computations with respect to costs and attorneys' fees. Accordingly, it will be necessary for Ferguson to supply such information by affidavit prior to the entry of judgment.

Finally, the court notes that summary judgment on the breach of contract claim alleged against Wolfe Construction and Josh Wolfe would appear to moot the unjust enrichment claim alleged in the complaint since that claim, like the breach of contract claim, is premised on the failure to pay Ferguson for the services and materials provided pursuant to the agreement between the parties. See, e.g., Gulfport Energy Corp. v. Harbert Priv. Equity Partners, LP, 851 S.E.2d 817, 823 (W. Va. 2020) (holding that "the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."). The court accordingly deems the unjust enrichment claim to be moot.

IV.  Conclusion

Accordingly, it is ORDERED that:

1.  Ferguson's motion for summary judgment (ECF No. 13) be, and it hereby is, GRANTED to the extent set forth herein. Specifically, summary judgment is granted as to the joint and several liability of Wolfe Construction and Josh Wolfe for $76,367.12, reasonable attorneys' fees, the costs of bringing this action, and pre and post-judgment interest.

2.  On or before July 22, 2021, counsel for Ferguson shall provide an affidavit and any other supporting materials documenting attorneys' fees and the costs of bringing this action, together with a calculation of pre-judgment interest.

3.  Wolfe Construction and Josh Wolfe may respond to Ferguson's filing on or before July 29, 2021.

4.  In light of the foregoing, the pretrial conference scheduled for July 23, 2021, is continued generally.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: July 8, 2021

John T. Copenhaver, Jr.
Senior United States District Judge